**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

**ROGER ROMERO and**
**GEORGE ROMERO,**

    **Plaintiffs,**

**vs.**　　　　　　　　　　　　　　　　　　　Case No. 18-CV-1137-JAP-GJF

**PRESTON L. STONE, et al.,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

On April 25, 2019, Plaintiffs Roger Romero and his son George Romero (Plaintiffs) filed a CORRECTED FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL, CONSTITUTIONAL AND STATUTORY RIGHTS, NEGLIGENCE AND PRIMA FACIE TORT (Doc. 21) (Amended Complaint) alleging constitutional violations and state law claims against Defendants the Board of County Commissioners of the County of Lincoln (Board of County Commissioners); individual County Commissioners Preston Stone, Dallas Draper, Elaine Allen, Thomas Stewart, and Lynn Willard; the Lincoln County Sheriff's Department; Deputy Charlie Evans; and Alan Morel, the attorney for the Board of County Commissioners (Defendants).

On May 9, 2019, the Board of County Commissioners moved to dismiss Plaintiffs' Amended Complaint under Rule 12(b)(6) for failure to state a claim.[1] The Board's Motion was

---
[1] *See* DEFENDANT THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LINCOLN'S MOTION TO DISMISS PLAINTIFFS' CORRECTED FIRST AMENDED COMPLAINT [DOC. 21] (Doc. 30) (Board's Motion).

fully briefed[2] but not yet decided on June 10, 2019, when Plaintiffs asked the Court to appoint a Guardian Ad Litem (GAL) for Plaintiffs due to their alleged incompetence.[3]

On July 1, 2019, before responding to Plaintiffs' request for a GAL, Defendants Stone, Draper, Allen, Stewart, Willard, Evans, and Morel (collectively, the Individual Defendants) moved to dismiss all official and individual capacity claims brought against them in the Amended Complaint.[4] Plaintiffs responded to the Individual Defendants' Motion on July 25, 2019.[5] However, on August 1, 2019, before addressing the merits of either dispositive motion, the Court held a hearing on Plaintiffs' request for the appointment of a GAL. On August 7, 2019, after considering the evidence as to Plaintiffs' incompetence and with no objection from Defendants, the Court appointed Attorney Eric Burton to act as GAL on Plaintiffs' behalf.[6] The Court allowed Mr. Burton time to review the briefing on the motions for dismissal and gave him leave to file an additional response as necessary.

On August 16, 2019, Mr. Burton filed a single consolidated response to both the Board's Motion and the Individual Defendants' Motion.[7] Finally, on September 3, 2019, Defendants filed their reply addressing both the GAL Response and the response to the Individual Defendants' Motion from Plaintiffs.[8] Both the Board's Motion and the Individual Defendants' Motion are

---

[2] *See* PLAINTIFFS' RESPONSE TO MOTION TO DISMISS OF DEFENDANTS (Doc. 31); REPLY IN SUPPORT OF DEFENDANT THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LINCOLN'S MOTION TO DISMISS PLAINTIFFS' CORRECTED FIRST AMENDED COMPLAINT [DOC. 21] (Doc. 33).
[3] *See* MOTION TO APPOINT GUARDIAN AD LITEM FOR EACH PLAINTIFF, ROGER ROMERO AND GEORGE ROMERO (Doc. 35).
[4] *See* MOTION TO DISMISS UNDER RULE 12 AND REQUEST FOR ABSOLUTE AND QUALIFIED IMMUNITY (Doc. 37) (Individual Defendants' Motion).
[5] *See* PLAINTIFFS' RESPONSE TO MOTION TO DISMISS UNDER RULE 12 AND REQUEST FOR ABSOLUTE AND QUALIFIED IMMUNITY (Doc. 48).
[6] *See* ORDER APPOINTING GUARDIAN AD LITEM (Doc. 51).
[7] *See* GUARDIAN AD LITEM'S RESPONSE TO MOTIONS TO DISMISS UNDER RULE 12 AND REQUEST FOR ABSOLUTE AND QUALIFIED IMMUNITY (Doc. 54) (GAL Response)
[8] *See* INDIVIDUAL DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS (Doc. 56).

now fully briefed. After consideration of the briefing, arguments, and relevant law, the Court will grant the Motions and will dismiss Plaintiffs' claims.

**I.     BACKGROUND[9]**

Plaintiff Roger Romero is the owner of real property located in Lincoln County, New Mexico, on which he and his son Plaintiff George Romero reside. Amended Compl. ¶¶ 39-42, 87. Roger Romero had a home on this land, along with personal property. *Id.* ¶ 39. George Romero owned a trailer home and personal possessions, including his mother's ashes, that were located on Roger Romero's real property. *Id.* ¶ 47. Plaintiffs are hoarders and had also placed large numbers of wooden pallets and other materials on this property. *Id.* ¶ 12.

Over many years, Defendants have repeatedly tried to convict Plaintiffs for the accumulation of waste on Roger Romero's property. *Id.* ¶ 13. However, in each of these proceedings except the last, Plaintiffs[10] have been found to be incompetent and the charges have been dismissed. *Id.* ¶¶ 11, 23, 25-27, 37. It is generally known in Plaintiffs' neighborhood that Plaintiffs are mentally incompetent, and this fact was known to all Defendants. *Id.* ¶¶ 10, 20-24. Nevertheless, the County Commissioner Defendants directed Defendant Deputy Evans to issue a citation to Plaintiff Roger Romero for violation of Lincoln County Ordinance 2016/02, Section 2A, which prohibits the accumulation of waste on property. *Id.* ¶ 33.

The County Commissioner Defendants, acting through County Attorney Defendant Morel, filed a criminal charge against Plaintiff Roger Romero in Lincoln County Magistrate Court based on this citation. *Id.* ¶¶ 33-34. Neither Plaintiff Roger Romero nor his court-

---

[9] Facts recited are taken from the Complaint or from documents of which the Court may take judicial notice and are viewed in the light most favorable to Plaintiffs. *See Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008) (In resolving a motion to dismiss, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." (internal quotation marks omitted)).
[10] The exhibits Plaintiffs attach to the Complaint demonstrate only that Roger Romero has been declared incompetent, not George Romero, but the Court refers to both Plaintiffs as incompetent because it must accept the facts as alleged.

appointed criminal defense attorney raised Plaintiff Roger Romero's incompetency before the court. *Id.* ¶ 36. All Individual Defendants, including the County Commissioners, Defendant Morel, and Defendant Evans, along with the Lincoln County Sheriff's Department, knew of Plaintiff Roger Romero's incompetency, yet Defendants failed to inform the Lincoln County Magistrate Court that Plaintiff Roger Romero was incompetent. *Id.* ¶¶ 37, 45. On August 1, 2017, Plaintiff Roger Romero was found guilty of the violation. *Id.* ¶ 35. He was sentenced to 30 days of incarceration in the Lincoln County Detention Center and 60 days of probation. *Id.* Plaintiff Roger Romero was also ordered to pay fines and court costs of $373. *Id.*

Plaintiff Roger Romero later filed a Writ of Habeas Corpus asserting his incompetence in the New Mexico State Twelfth Judicial District Court, County of Lincoln, which granted the writ, set aside Plaintiff Roger Romero's conviction, and vacated the Judgment and Sentence. *Id.* ¶ 38, Ex. K. However, by the time the conviction was vacated, Plaintiff Roger Romero had already served his 30 days' imprisonment and his 60 days' probation. *Id.* ¶ 38, Ex. K. Additionally, the County Commissioner Defendants sought and obtained bids to remove and destroy Plaintiffs' property. *Id.* ¶ 39. Defendants hired a contractor to clean up Plaintiff Roger Romero's property by removing everything but the soil, including the homes and other personal property of Roger and George Romero, at a cost of $17,204.70. *Id.* ¶ 39, Ex. K-L.

Acting through County Attorney Defendant Morel, Defendant Board of County Commissioners then filed a claim of lien on the real property for $17,454.70, representing the clean-up costs plus interest. *Id.* ¶ 40, Ex. L. The Defendant Board of County Commissioners and Defendant Morel filed a Complaint for Foreclosure of Lien asserting that Plaintiff Roger Romero owed $17,667.02 for the principal amount of the lien plus accrued unpaid interest, along with attorney fees and costs. *Id.* ¶¶ 39-40, Ex. L. This foreclosure claim is currently pending in state

court. *See* Cause No. D-1226-CV-2018-00055, filed in the Twelfth Judicial District Court, County of Lincoln.

Plaintiffs Roger Romero and George Romero brought federal and state claims in this Court based on Defendants' prosecution of Plaintiff Roger Romero despite his known incompetence, the destruction of personal property belonging to Plaintiffs George and Roger Romero, and the attempted taking of Plaintiff Roger Romero's real property. The Individual Defendants and the Defendant Board of County Commissioners ask the Court to dismiss Plaintiffs' Amended Complaint for failure to state a claim. Additionally, the Individual Defendants assert qualified immunity, and Defendant Morel claims absolute immunity as a prosecutor. Because the Individual Defendants' Motion argues that Plaintiffs have failed to state a claim and incorporates by reference all arguments made in the Board's Motion, the Court will address both Motions together below.

## II. LEGAL STANDARD

The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367 because Plaintiffs bring related claims under federal and state law. In evaluating a motion to dismiss, the Court takes all allegations of material fact in the Amended Complaint as true and construes them in the light most favorable to the nonmoving parties. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). To survive a dismissal motion, however, Plaintiffs must allege facts that are enough to raise their right to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Amended Complaint "does not need detailed factual allegations," but "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Id.*

Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id.* at 570. Additionally, to defeat the assertion of qualified immunity,

5

Plaintiffs' allegations must be adequate to show that (1) each Defendant's conduct violated a constitutional or statutory right, and (2) the right was clearly established when the violation occurred. *Ashcroft v. Al-Kidd*, 563 U.S. 731, 735 (2011). However, "the official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (internal quotation marks omitted).

The Court will not consider materials outside of the pleadings when resolving a motion to dismiss, other than those referenced in the Amended Complaint and central to Plaintiffs' claims, or court documents of which the Court may take judicial notice. *See Pace*, 519 F.3d at 1072–73 (In deciding a motion to dismiss, district courts may properly consider documents referred to in the complaint and central to the plaintiff's claim, and may take judicial notice of adjudicative facts.); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

## III. DISCUSSION

The Court will first address Plaintiffs' federal claims, which Plaintiffs have brought under Section 1983 against all Defendants. In Count I, Plaintiffs allege violations of Roger Romero's fourteenth amendment rights to due process and equal protection, and of his eighth amendment right to be free from cruel and unusual punishment. Count IV asserts violation of George Romero's fourteenth amendment rights to due process and equal protection. Count V also asserts violations of due process as to George Romero, although it is not clear to the Court if Plaintiffs intend to allege additional violations of the fourteenth amendment in this Count, or a violation of state law. The Board of County Commissioners argues that Plaintiffs have failed to

state a plausible constitutional claim because they have not pleaded facts to support the required elements of the alleged violations. The Individual Defendants also argue that Plaintiffs have failed to state any plausible claim against them in their individual capacity, and that Plaintiffs' official capacity claims must be dismissed because the claims are duplicative. The Individual Defendants assert qualified immunity, and in the case of Defendant Morel, absolute immunity.

### A. Official Capacity Claims against the Individual Defendants

The Individual Defendants argue that any official capacity claims against the Individual Defendants must fail because they are duplicative of Plaintiffs' claims against the Board of County Commissioners. It is not clear to the Court whether Plaintiffs intend to bring claims against the Individual Defendants in their official capacity. The Amended Complaint does not state a particular capacity in which the Individual Defendants are sued, but it does name Defendants Stone, Draper, Allen, Stewart, and Willard "Individually and as Lincoln County Commissioner." It also names Defendant Morel "serving as attorney for the Board of County Commissioners of the County of Lincoln County" and Defendant Evans "of the Lincoln County Sheriff's Department of the County of Lincoln, State of New Mexico."

"An action against a person in his official capacity is, in reality, an action against the government entity for whom the person works." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir.1998). When a governmental entity is a defendant in a lawsuit, any official capacity claims against its employees are duplicative and may be dismissed. *Human Rights Defense Center v. Bd. of Cty. Comm'rs of the Cty. of San Miguel*, Case No. 18 CV 00355 JAP/SCY, 2018 WL 3972922, *6 (D.N.M. Aug. 20, 2018). Both the Board of County Commissioners and the Lincoln County Sheriff's Department are named defendants in this suit. Accordingly, the Court agrees with the Individual Defendants that any claims against them in

their official capacity are redundant. To the extent that Plaintiffs have brought official capacity claims against the Individual Defendants, the Court will dismiss those claims.

### B.  Equal Protection Claims – Counts I (Roger Romero) & IV (George Romero)

The Equal Protection Clause provides that "[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. This Clause directs that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). "In order to assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them." *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998).

The basis for Plaintiffs' equal protection claims, or even whether Plaintiffs intend to assert equal protection claims, is unclear. In Count I, Plaintiffs state vaguely that "Plaintiff Roger Romero had a constitutional right to be free from violations of his right to . . . equal protection." Amended Complaint ¶ 59. In Count IV, Plaintiffs claim that "Defendants ignored Plaintiff George Romero's right[] to equal protection pursuant to the Constitution of the United States of America in that they intentionally took and destroyed personal property of his . . . knowing that he was incompetent." Amended Complaint ¶ 88. However, Plaintiffs do not describe whether or how they believe Roger Romero's equal protection rights were violated, nor do they explain how the destruction of George Romero's property was in violation of his right to equal protection.

Plaintiffs have failed to allege any of the required elements of an equal protection claim, and they have not pleaded facts that could plausibly support such a claim. Plaintiffs do not assert that they were similarly situated to any others, nor do Plaintiffs allege that the Board of County Commissioners or any of the Individual Defendants treated Plaintiffs differently in spite of that similarity. Accordingly, Plaintiffs' Amended Complaint fails to state an equal protection claim,

and the Individual Defendants are entitled to qualified immunity because Plaintiffs have not demonstrated the violation of a constitutional right.

### C. Eighth Amendment Claim – Count I (Roger Romero)

"The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishments on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991) (citation and quotation omitted). In Count I, Plaintiffs contend that "Plaintiff Roger Romero's Eighth Amendment Right to be free from cruel and unusual punishment was violated by putting a disabled, incompetent veteran in jail." Amended Complaint ¶ 57. Plaintiffs do not further categorize their Eighth Amendment claim, but because no excessive force or deprivation of medical treatment is alleged, the Court will interpret Plaintiffs' claim as one based on conditions of confinement.[11] *See Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992)

Facts sufficient to support a claim for violation of the Eight Amendment must establish "both the objective prong of sufficiently serious deprivation and the subjective prong of deliberate indifference." *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson*, 503 U.S. at 9 (internal citations and quotation marks omitted). "[O]nly those deprivations denying the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* Deliberate indifference requires that "the official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts

---

[11] As with Plaintiffs' equal protection claims, Plaintiffs do not explain or describe their Eighth Amendment claim further. The Court is unsure whether Plaintiffs are truly attempting to assert a claim under the Eighth Amendment because the allegation appears in the same Count as an alleged due process violation and no party has addressed the Eighth Amendment in the briefing. However, because the violation is alleged and Defendants have argued broadly that all of Plaintiffs' federal claims are implausible, the Court will consider the issue.

9

from which the inference could be drawn that a substantial risk of harm exists, and he must draw the inference." *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 809 (10th Cir. 1999) (internal brackets and quotation marks omitted).

Plaintiffs have not pleaded any facts to establish either that Roger Romero was denied "life's necessities" when he was in jail, or that Defendants were aware of and ignored a substantial risk to Roger Romero's health or safety. Accordingly, Plaintiffs have not pleaded a plausible violation of Plaintiff Roger Romero's Eighth Amendment Rights. The Individual Defendants are entitled to qualified immunity, and the Court will dismiss the claim.

### D.  Due Process Claims – Count I (Roger Romero), IV & V (George Romero)

Under the Fourteenth Amendment, ""[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The Due Process Clause encompasses the rights to both procedural and substantive due process. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998)). "Under either form of protection, however, a person must have a protected interest in either life, liberty, or property." *Chavez-Rodriguez v. City of Santa Fe,* No. CIV 07–0633, 2008 WL 5992271, at *6 (D.N.M. Oct. 9, 2008).

Plaintiffs assert that Defendants violated Plaintiffs' due process rights when Plaintiff Roger Romero was tried and convicted while incompetent, Plaintiffs' personal property was destroyed, and Plaintiff Roger Romero's real property was subjected to a lien and attempted foreclosure. Plaintiffs do not specify whether they claim violations of their substantive or procedural due process rights. Because the allegations in the Amended Complaint are unclear, the Court will address both standards.

### 1. Deprivation of Liberty – Roger Romero's Trial & Conviction

Plaintiff Roger Romero asserts that he was deprived of his liberty without due process by his trial and conviction while incompetent. "A claim of incompetency may raise 'issues of both substantive and procedural due process.'" *Smith v. Mullin*, 379 F.3d 919 (10th Cir. 2004) (quoting *Walker v. Attorney General*, 167 F.3d 1339, 1343 (10th Cir. 1999). A procedural competency claim arises from "a trial court's alleged failure to hold a competency hearing, or an adequate competency hearing." *Id.* (quoting *McGregor v. Gibson*, 248 F.3d 946, 952 (10th Cir. 2001). "'[A] substantive competency claim is founded on the allegation that an individual was tried and convicted while, in fact, incompetent.'" *Id.*

Plaintiffs rely on cases establishing that "[i]t is axiomatic by now that criminal prosecution of an incompetent defendant offends the Due Process Clause of the Fourteenth Amendment." *Godinez v. Moran*, 509 U.S. 389, 412 (1993) (BLACKMUN, J., dissenting) (citing *Medina v. California*, 505 U.S. 437 (1992); *Riggins v. Nevada*, 504 U.S. 127, 138 (1992) (KENNEDY, J., concurring); *Drope v. Missouri*, 420 U.S. 162, 171 (1975); *Pate v. Robinson*, 383 U.S. 375, 378 (1966)); *see also Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996). However, these cases all challenge a criminal conviction, either by direct appeal or through habeas claims for post-conviction relief. Due process competency claims are generally raised in this context, and the appropriate remedy involves either a retrospective competency hearing, in the case of a procedural violation, or an overturned conviction or grant of habeas relief, in the case of a substantive due process violation. *Grant v. Royal*, 886 F.3d 874, 893-94 (10th Cir. 2018).

Plaintiff Roger Romero has already filed a successful habeas claim challenging his criminal conviction. In this case, he seeks damages under Section 1983 based on Defendants' alleged roles in denying him due process. Accordingly, the Court will not assume a violation of

due process based solely on the fact that Plaintiff Roger Romero was tried without the benefit of a competency hearing and convicted while allegedly incompetent. *See Hayden v. Nevada Cnty.*, 664 F.3d 770, 772-73 (8th Cir. 2012) (Sheriff who allegedly convinced a known incompetent defendant to plead guilty did not cause a constitutional violation because he was entitled to rely on the trial court to properly determine the defendant's competency). Instead, Defendants' own conduct must be analyzed according to traditional due process principles.

### a. Procedural Due Process

To state a plausible Section 1983 claim for a violation of procedural due process, Plaintiff Roger Romero must allege sufficient factual matter to demonstrate that he "possessed a constitutionally protected liberty or property interest such that the due process protections were applicable," and that he was not "afforded an appropriate level of process." *Zwygart v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Kan.*, 483 F.3d 1086, 1093 (10th Cir. 2007) (internal quotation marks omitted). "[O]nce it is determined that the Due Process Clause applies, the question remains what process is due." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). "An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Id.* at 542. However, "due process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).

Plaintiffs allege that the Board of County Commissioners and the Individual County Commissioners directed Defendant Evans to cite Plaintiff Roger Romero for violation of the Lincoln County waste ordinance, and then instructed Defendant Morel to prosecute Plaintiff Roger Romero on the criminal charges. Defendants argue that Plaintiffs have not pleaded a lack of adequate process before Plaintiff Roger Romero was tried and convicted. The Court agrees,

12

because Plaintiffs allege that Roger Romero was issued a citation and was then prosecuted in state court, where he was represented by a court-appointed attorney. Amended Complaint ¶¶ 33-36. Although neither Plaintiff Roger Romero nor his defense counsel raised the issue of his competency at trial, Plaintiffs do not allege that they were prevented from doing so or otherwise lacked a procedural remedy.[12]

More importantly, Defendants, with the possible exception of Defendant Morel, did not cause any violation of Plaintiff Roger Romero's procedural due process rights arising from the trial court's adjudication of his criminal case without first holding a competency hearing. *See Hayden*, 664 F.3d at 772-73. To the extent Defendant Morel might be responsible for this asserted violation, he is entitled to absolute immunity as a prosecutor. *Id.* at 772. The other Defendants were entitled to rely on the trial court to properly determine Plaintiff Roger Romero's competency. *Id.* at 773. Plaintiffs have not alleged a plausible claim for deprivation of procedural due process based on the other Defendants' own conduct in Plaintiff Roger Romero's trial or conviction. Consequently, the Individual Defendants are entitled to qualified immunity, Defendant Morel is entitled to absolute immunity, and the Court will dismiss the claim.

### b. Substantive Due Process

Even if process is supplied, "'[a]n arbitrary deprivation of an individual's property [or liberty] right can violate the substantive component of the Due Process Clause.'" *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1222 (10th Cir.2006) (quoting *Clark v. City of Draper*, 168 F.3d 1185, 1190 (10th Cir.1999)). "But the arbitrariness must be extreme." *Id.*

---

[12] To the contrary, Plaintiffs' Amended Complaint establishes that Plaintiff Roger Romero received both pre-deprivation process, in the form of his trial, and post-deprivation process, through the state habeas proceedings in which his conviction was vacated.

> The ultimate standard for determining whether there has been a substantive due process violation is whether the challenged government action shocks the conscience of federal judges. It is well settled that negligence is not sufficient to shock the conscience. In addition, a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power.

*Id.* (quoting *Moore v. Guthrie*, 438 F.3d 1036, 1040 (10th Cir.2006) (internal quotation marks and citations omitted)). "'[T]he plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking.'" *Id.* (quoting *Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir. 1995)).

Assuming Plaintiff Roger Romero was convicted while incompetent, this was a violation of his substantive due process rights. See *McGregor*, 248 F.3d at 952. However, Plaintiffs must still demonstrate that Defendants' own conduct caused this violation. As discussed above, Defendant Morel is entitled to absolute immunity for his role as a prosecutor in Plaintiff Roger Romero's trial. Plaintiffs have not plausibly demonstrated causation as to any other Defendant, *see Hayden*, 664 F.3d at 772-73, and accordingly Plaintiffs have failed to state a plausible claim for a violation of substantive due process stemming from Plaintiff Roger Romero's trial or conviction. The Individual Defendants are entitled to qualified immunity, Defendant Morel is entitled to absolute immunity, and the Court will dismiss the claim.

### 2. Deprivation of Property – Roger Romero & George Romero

Plaintiffs claim deprivation of their personal property through Defendants' direction that it be removed and destroyed, and deprivation of Plaintiff Roger Romero's real property through Defendants' claim of lien and subsequent attempt to foreclose. Any procedural due process claim based on these allegations must fail because Plaintiffs do not plausibly allege a lack of process. Plaintiffs' Amended Complaint establishes that the destruction of Plaintiffs' personal property and the lien placed on Plaintiff Roger Romero's real property were consequences of Plaintiff

Roger Romero's criminal conviction, such that the citation provided notice and the criminal trial provided pre-deprivation process in which those consequences could have been avoided had the defense attorney asserted Plaintiff Roger Romero's incompetence. The claim of lien and the ongoing foreclosure proceeding provided additional process regarding Plaintiff Roger Romero's asserted deprivation of real property.

Plaintiffs do not allege that Plaintiff Roger Romero failed to receive notice or hearing before he was deprived of his property. Plaintiffs do allege a lack of notice or hearing as to George Romero, but they provide no factual support for this claim beyond the conclusory allegation. *See* Amended Complaint ¶ 88. Similarly, Plaintiffs fail to allege any conscience-shocking conduct in Defendants' use of the citation and conviction to obtain legal authority to clean up Plaintiffs' property. Although the citation of an individual known to be incompetent may be an abuse of governmental power, more than an undeserved citation is required to violate substantive due process. *See Camuglia*, 448 F.3d at 1222. Defendants' own conduct did not cause the failure of the state judicial system to properly determine Plaintiff Roger Romero's competency before trial. *See Hayden*, 664 F.3d at 772-73. Consequently, Plaintiffs have failed to allege a plausible procedural or substantive due process claim based on the deprivation of property. The Individual Defendants are entitled to qualified immunity, and the Court will dismiss the claims against them.

## IV.  CONCLUSION

The Court does not condone the repeated use of criminal process against defendants whose competence is doubtful, such as Plaintiffs allege occurred here. The State of New Mexico provides a civil process by which a conservator can be ordered when a person cannot properly manage his property or affairs due to mental health issues. *See* NMSA 1978 §45-5-404

15

(providing for appointment of conservator). Nevertheless, Plaintiffs have failed to state a plausible claim under Section 1983 because they have not alleged factual support for the required elements of an equal protection, Eighth Amendment, or due process violation.

The Individual Defendants are entitled to qualified immunity as to Plaintiffs' Section 1983 claims because Plaintiffs have not demonstrated the violation of a constitutional right, and the Court will therefore dismiss those claims. The Court will also dismiss any federal claims brought against the Individual Defendants in their official capacity as duplicative of the claims against the Board of County Commissioners and the Lincoln County Sheriff's Department.

Although Defendant Lincoln County Sheriff's Department does not appear to have joined in either the Board's Motion or the Individual Defendant's Motion, Plaintiffs did not make any specific allegations regarding the Lincoln County Sheriff's Department other than its identity as a law enforcement agency in the County of Lincoln, of which Defendant Evans was a member, and its awareness of Plaintiff Roger Romero's incompetence. *See* Amended Complaint ¶¶ 5-6, 17-18, 33, 37. Accordingly, the Court will include Defendant Lincoln County Sheriff's office and will dismiss Plaintiffs' Section 1983 claims as to all Defendants because Plaintiffs have failed to plausibly allege a constitutional violation. However, the Court declines to declare Plaintiffs' claims to be frivolous. Considering that Plaintiff Roger Romero was tried and convicted while allegedly incompetent and Plaintiffs were consequently deprived of their property, the Court finds that Plaintiffs' claims did not lack an arguable basis in fact or law. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Finally, because the Court will dismiss all federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and will dismiss those as well. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) ("if federal claims are

dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." (internal brackets and quotation marks omitted)).

IT IS THEREFORE ORDERED that:

(1) The Individual Defendants' MOTION TO DISMISS UNDER RULE 12 AND REQUEST FOR ABSOLUTE AND QUALIFIED IMMUNITY (Doc. 37) is GRANTED;

(2) DEFENDANT THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LINCOLN'S MOTION TO DISMISS PLAINTIFFS' CORRECTED FIRST AMENDED COMPLAINT [DOC. 21] (Doc. 30) is GRANTED;

(3) Plaintiffs' official capacity claims against the Individual Defendants will be DISMISSED WITH PREJUDICE, and

(4) All other claims in Plaintiffs' Amended Complaint will be DISMISSED WITHOUT PREJUDICE as to all Defendants.

_____
SENIOR UNITED STATES DISTRICT JUDGE